**Eric SMITH**

v.

**CONTINENTAL CASUALTY COMPANY**

No. 2:02–CV–1915–JKG.

United States District Court, E.D. Pennsylvania.

Sept. 16, 2002.

Eric L. Keepers, Joseph F. Roda, Roda & Nast PC, Lancaster, PA, for Plaintiff.

Michael J. Burns, Christie, Pabarue, Mortensen $ Young, Tara B. Dickerman, Obermayer, Rebmann, Maxwell & Hippel LLP, Philadelphia, PA, for Defendant.

## MEMORANDUM

WALDMAN, District Judge.

Plaintiff asserts a claim for benefits under the Employee Retirement Income Security Act ("ERISA") and a state law bad faith claim under 42 Pa.C.S.A. § 8371 arising from the denial of long-term disability insurance benefits by defendant.[1] Defendant has moved to dismiss the state law bad faith claim as preempted by ERISA and concomitantly to strike plaintiff's demand for punitive damages and a jury trial.

Dismissal for failure to state a claim is appropriate when it clearly appears that plaintiff can prove no set of facts to support the claim that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir.1984). Such a motion tests the legal sufficiency of a claim accepting the veracity of the claimant's allegations and all reasonable inferences drawn therefrom. See Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir.1990); Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir.1987). A claim may be dismissed when the facts alleged are legally insufficient to support

the relief sought. See Pennsylvania ex rel. Zimmerman v. PepsiCo., Inc., 836 F.2d 173, 179 (3d Cir.1988).

The facts alleged by plaintiff are as follow.

Defendant provided long-term disability insurance to plaintiff under an employee benefit plan maintained by his employer, Murray Insurance Associates. Under the terms of the plan, defendant is obligated to pay long-term disability benefits if an insured becomes "continuously unable to engage in any occupation for which [insured is] or become[s] qualified by education, training or experience; and not working for wages in any occupation for which [insured is] or become[s] qualified by education, training or experience," or if the insured becomes "unable to earn more than 80% of [insured's] monthly earnings in any occupation for which [insured is] qualified by education, training or experience."

Plaintiff was employed by Murray Insurance as Vice President of Finance and Administration until March 30, 2001. Plaintiff was diagnosed with Parkinson's Disease in 1997, and continued to work until his disease progressed to the point where he could no longer perform his duties. On January 17, 2001, plaintiff made a claim for long-term disability benefits under the policy issued by defendant. On June 26, 2001, defendant informed plaintiff that his claim had been denied. Plaintiff appealed this denial. He provided defendant with information from his neurologist and from Murray Insurance supporting his claim that he was unable to perform the duties of his job. On October 4, 2001, defendant informed plaintiff that it had reaffirmed its decision to deny his claim.

---

1. Plaintiff's ERISA claim is for a declaratory judgment that defendant is liable to him for long-term disability benefits retroactive to Oc-tober 1, 2001. The court assumes that this is in effect a claim to recover benefits under 29 U.S.C. § 1132(a)(1)(B).

ERISA broadly preempts all state laws that "relate to any employee benefit plan." 29 U.S.C. § 1144(a). This provision preempts both state common law and statutory causes of action. *See Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 138, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47–48, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). A law "relates to" an employee benefit plan if it has a connection with or reference to such a plan, even if it was not designed to affect such plans or does so only indirectly. *See Ingersoll–Rand,* 498 U.S. at 138, 111 S.Ct. 478; *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). The Supreme Court noted that "policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Pilot Life,* 481 U.S. at 54, 107 S.Ct. 1549.

Plaintiff asserts that nevertheless his § 8371 claim is not preempted because it falls within ERISA's "saving clause." That clause provides in pertinent part that "nothing in this title shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A).

In *Metropolitan Life Insurance Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985), the Supreme Court set forth a framework for analyzing whether particular laws fall within ERISA's saving clause. The first inquiry is whether, from a "common-sense view of the matter," the law regulates insurance. *Id.* at 740, 105 S.Ct. 2380. The second inquiry focuses on three factors derived from the case law interpreting the McCarran–Ferguson Act: "first, whether the practice has the effect of transferring or spreading a policyholder's risk; second, whether the practice is an integral part of the policy relationship between the insurer and the insured; and third, whether the practice is limited to entities within the insurance industry." *Id.* at 743, 105 S.Ct. 2380. The Supreme Court made clear in *UNUM Life Insurance Co. of America v. Ward,* 526 U.S. 358, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999), however, that a state law need not satisfy all three McCarran–Ferguson factors to "regulate insurance" within the meaning of the saving clause. Rather, the factors are "considerations to be weighed" in making a saving clause determination. *Id.* at 373, 119 S.Ct. 1380.

The Court held in *UNUM Life* that California's notice-prejudice rule, which provides that an insurer cannot avoid liability because a claim was untimely without showing actual prejudice resulted from the delay, fell within the saving clause and was not preempted. The Supreme Court more recently held that an Illinois law requiring HMOs to provide independent medical review of disputes with primary care physicians was not preempted by ERISA. *See Rush Prudential HMO, Inc. v. Moran,* 536 U.S. 355, 122 S.Ct. 2151, 153 L.Ed.2d 375 (2002).

By its terms, § 8371 applies only to "actions on insurance policies" and, from a common-sense view, regulates insurance. The statute does not effect the transfer or spread of a policyholder's risk. The duty of an insurer to act in good faith in fulfilling its contractual obligations to an insured is not dependent upon § 8371. *See D'Ambrosio v. Pa. Nat'l Mut. Cas. Ins. Co.,* 494 Pa. 501, 431 A.2d 966, 969 & n. 4 (1981); *Kaplan v. Cablevision of Pa., Inc.,* 671 A.2d 716, 721–22 (Pa.Super.1996); *Creeger Brick v. Mid–State Bank,* 385 Pa.Super. 30, 560 A.2d 151, 153–54 (1989).

That statute did not create a specific new obligation, *see Rush,* 122 S.Ct. at 2163, or change the terms of the bargain between the insurer and insured, *see UNUM Life,* 526 U.S. at 374, 119 S.Ct. 1380. It did not impose a condition or term integral to the policy relationship. Rather, it created a new cause of action and additional remedies for a breach of an existing obligation arising from the relationship. By its terms, § 8371 is "limited to entities within the insurance industry." *Metropolitan Life,* 471 U.S. at 743, 105 S.Ct. 2380.

When the initial so called "common-sense view" is checked against the McCarran–Ferguson factors, it appears doubtful that § 8371 falls within the saving clause. Even assuming arguendo that it does, the law is in any event preempted.

The pronouncement in *Pilot Life* that ERISA provides a comprehensive civil enforcement scheme which is intended to be exclusive was left intact and indeed reinforced by the Court's later opinions in *UNUM Life* and *Rush.* Unlike those at issue here and in *Pilot Life,* the statutes considered in *UNUM Life* and *Rush* did not provide plaintiffs with "a form of ultimate relief in a judicial forum that add[s] to the judicial remedies provided by ERISA." *Rush,* 122 S.Ct. at 2166.

The Court in *Rush* recognized that some laws which fall within the saving clause may nevertheless conflict with the clear intent of Congress that the ERISA civil enforcement provisions be exclusive. The Court stated that "[a]lthough we have yet to encounter a forced choice between the congressional policies of exclusively federal remedies and the 'reservation of the business of insurance to the States,' we have

anticipated such a conflict, with the state insurance regulation losing out if it allows plan participants 'to obtain remedies under state law that Congress rejected in ERISA.'" *Rush,* 122 S.Ct. at 2165 (citing *Pilot Life,* 481 U.S. at 54, 107 S.Ct. 1549).

Plaintiff contends that the Court in *Rush* meant to suggest only that insurance regulations which "conflict with the remedies provided by ERISA against Employers" are preempted and notes that § 8371 does not provide "remedies against employers." Plaintiff points to the statement in *Rush* that a law regulating insurance may nevertheless be preempted if it "significantly expanded the potential scope of ultimate liability imposed upon employers by the ERISA scheme." *Id.* at 2166. The Court there, however, was referring to its holding in *Pilot Life* which in fact involved a suit by an insured against his insurer to recover damages for the alleged bad faith handling of an insurance claim.[2]

■ ERISA does not provide remedies against employers. It provides remedies against plan administrators and fiduciaries, who may or may not be employers. *See Layes v. Mead Corp.,* 132 F.3d 1246, 1249 (8th Cir.1998); *Smith v. Hartford Ins. Group,* 6 F.3d 131, 141 n.3 (3d Cir. 1993); *Fischer v. Philadelphia Elec. Co.,* 994 F.2d 130, 133 (3d Cir.1993).

■ Even assuming that § 8371 falls within the ERISA saving clause, it is nevertheless preempted because it provides for the remedy of punitive damages which is not authorized in the exclusive civil enforcement scheme set forth in ERISA. *See Pane v. RCA Corp.,* 868 F.2d 631, 635 n. 2 (3d Cir.1989).[3]

**2.** The state law at issue in *Pilot Life* encompassed bad faith conduct by other entities as well and thus did not fall within the saving clause. This does not, however, render less clear or forceful the pronouncements of the

Supreme Court regarding the importance of uniformity and the exclusivity of ERISA remedies.

**3.** The other remedies of interest, costs and attorney fees available under § 8371 are not

A claim for benefits under § 1132 is equitable in nature. There is no right to a jury trial. *See Cox v. Keystone Carbon Co.,* 894 F.2d 647, 649–50 (3d Cir.1990); *Pane,* 868 F.2d at 636.

Accordingly, defendant's motions will be granted. An appropriate order will be entered.

### *ORDER*

AND NOW, this 13th day of September, 2002, upon consideration of defendant's Motions to Dismiss Count II and to Strike Demand for Punitive Damages and Jury Trial (Doc. # 2, all parts), and the response of plaintiff thereto, consistent with the accompanying memorandum, **IT IS HEREBY ORDERED** that said Motions are **GRANTED.**

*per se* inconsistent with relief available under ERISA. *See Anthuis v. Colt Industries Operating Corp.,* 971 F.2d 999, 1009–10 (3d Cir. 1992).